**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BRIAN ZAPERT**
*Senior Counsel*
Phone: (212) 356-2354
Fax: (212) 356-3509
bzapert@law.nyc.gov

April 17, 2020

**BY ECF**
Honorable Judge Hellerstein
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> A 120-day extension of the fact discovery deadline is granted. The close of fact discovery is extended to August 31, 2020. The next status conference is adj. to Sept. 11, 2020 @ 10:00 a.m.
>
> /s/ Alvin K. Hellerstein
> 4-19-2020

Re:   Aliyah Baker v. the City of New York et al,
      19 Civ.8141 (AKH)

Your Honor:

   I am the attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, assigned to the defense of the above referenced matter. Defendants City, Licata, Hinton, Tibbal, Torres, and Tulovic respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days in light of the recent developments surrounding the COVID-19 pandemic. Plaintiff objects to a 90-day stay, but consents to a 90 day extension of the fact discovery deadline which is set to close on May 1, 2020.

   By way of background, plaintiff's claims arose on June 3 2018, when the named defendants responded to a domestic incident report filed by plaintiff's husband. Plaintiff is alleging federal claims of false arrest, unreasonable seizure, excessive force, failure to intervene, and malicious prosecution. Plaintiff is alleging state law claims of assault, battery, false arrest, negligent hiring, training and supervision.

   As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

   That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also on

March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.]

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also on March 20, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters.] To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that the vast majority of its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence from plaintiff. Plaintiff proposes that the parties exchange correspondence and discovery requests via email instead of regular mail during this time. This is not a particularly complex matter that will require thousands of pages of documents. Plaintiff anticipates that the outstanding document discovery can be accomplished via email and document exchange platforms that are available to the City and plaintiff's counsel.

Working from home also creates complications in regards to coordinating and taking depositions. First, the logistical challenges of arranging for remote depositions are always significant, and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological capabilities. Second, preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means, and conferring on matters of privilege. Third, as all police officers have been mobilized to patrols and other essential matters during this state of emergency, their availability to appear at a deposition is significantly reduced. And, even if officers are available, they must be on duty to sit for a deposition, and may be restricted to appearing from police precincts. This raises additional concerns with respect to the use of a camera or video at that location, including concerns regarding the privacy of arrestees and victims who may be present; viewing privileged and confidential material in such a public location; and interference from telephones, radios, and other background noise inherent to that setting. Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In*

*re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case"). Plaintiff consents to holding depositions that cannot be held remotely after the state of emergency has been lifted, however, objects to an across the board 90-day stay of all proceedings.

As another example, working from home creates accessibility problems in regards to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration.

Respectfully submitted,

*Brian Zapert* /s/
Brian Zapert
*Senior Counsel*

cc: **BY ECF**
Romano & Kuan, LLP
*Attorneys for Plaintiff*