UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALIYAH BAKER,

                       Plaintiff,

                                    19 Civ. 8141 (AKH)

          vs.                            SECOND **AMENDED COMPLAINT**

THE CITY OF NEW YORK, JOSEPH LICATA,
BRIAN HINTON, JAMES TIBBAL,
MIRAGLOS TORRES, SHRPRESA TULOVIC,

                       Defendants.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the State of New York.  Plaintiff, while in her bedroom mourning the death of her seventeen-year old niece, was deprived of her constitutional and common law rights when the defendant police officers unlawfully entered her home and unjustifiably assaulted, battered, falsely arrested and maliciously prosecuted her for a crime she did not commit.

## JURISDICTION

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is

1

conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) because the claims arose in this district.

## JURY DEMAND

5. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PARTIES

6. Plaintiff Aliyah Baker currently and at all times relevant was a resident of the county of New York, state of New York, and a citizen of the United States.

7. NYPD Officer Joseph Licata (tax #054065) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 3, 2018, he was assigned to the 32nd Precinct in New York County. Defendant Licata is being sued herein in his individual capacity.

8. NYPD Officer Brian Hinton (tax #956739) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department

("NYPD"). On the date of the incident, June 3, 2018, he was assigned to the 32nd Precinct in New York County. Defendant Hinton is being sued herein in his individual capacity.

9. NYPD Officer James Tibbal (tax #964801) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 3, 2018, he was assigned to the 32nd Precinct in New York County. Defendant Tibbal is being sued herein in his individual capacity.

10. NYPD Officer Miraglos Torres (tax #935864) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 3, 2018, she was assigned to the 32nd Precinct in New York County. Defendant Torres is being sued herein in her individual capacity.

11. NYPD Officer Shrpresa Tulovic (tax #961397) is and was at all times relevant herein an officer, employee, and agent of the New York City Police Department ("NYPD"). On the date of the incident, June 3, 2018, she was assigned to the 32nd Precinct in New York County. Defendant Torres is being sued herein in her individual capacity.

12. At all times relevant herein, Defendants Licata, Hinton, Tibbal, Torres, and Tulovic ("Individual Defendants") were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct

incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

13. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The Defendant City of New York assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

## STATEMENT OF FACTS

14. At approximately 11 p.m. on June 3, 2018 the Individual Defendants unlawfully entered Aliyah Baker's home at 127 West 135th Street, Apt 6B, in the County and State of New York.

15. Ms. Baker was in her bedroom in her pajamas and slippers mourning the death of her seventeen-year old niece who had been killed in a senseless shooting in the Bronx.

16. In tears from her grief, Ms. Baker suddenly looked up to find several uniformed police officers standing in her bedroom.

17. The officers had no justification for entering Ms. Baker's home.

18. The officers did not have a search warrant or arrest warrant.

19. There was no emergency that justified the officers barging into the sanctity of Ms. Baker's home without a judicial order.

20. Nor did Ms. Baker give the officers permission to enter her home.

21. Despite having no arrest warrant and no probable cause, the officers told Ms. Baker she was under arrest for illegally evicting her husband.

22. Ms. Baker's husband, Darnell Dover, who had <u>not</u> been evicted and who was home that night, told the officers he had not been illegally evicted by his wife.

23. Despite seeing Mr. Dover standing in their home and telling them he had not been evicted, the officers insisted on arresting Ms. Baker.

24. When Ms. Baker asked the officers whether she could come to the precinct during the daytime hours the next day, one of the male officers forcefully grabbed Ms. Baker, spun her around, pinned her up against the wall and pulled her arms up toward her shoulders, injuring her right rotator cuff.

25. There was no justification for the male officer to use such force against Ms. Baker.

26. Several of the other defendant officers joined in, forcefully pinning Ms. Baker against the wall and using excessive and unnecessary force, handcuffed Ms. Baker behind her back.

27. There was no justification for any of the Individual Defendant officers to use such force against Ms. Baker.

28. In handcuffs, while still wearing her pajamas and slippers, the Individual Defendants led Ms. Baker out of her apartment and into a patrol car in full view of her neighbors.

29. The Individual Defendants took Ms. Baker to the 32nd precinct where she was searched and placed in a jail cell for several hours.

30. Ms. Baker was then taken to Central Booking in downtown Manhattan where she spent the night in a filthy cell with several other women awaiting her arraignment.

31. Ms. Baker finally saw a judge in New York County Criminal Court at approximately 3 p.m. the next day.

32. Ms. Baker was falsely charged with Unlawful Eviction and maliciously prosecuted based on false information provided by the Individual Defendants to the New York County District Attorney's Office.

33. The judge arraigned Ms. Baker and released her on her own recognizance.

34. When Ms. Baker returned to court on July 9, 2018, her case was dismissed and sealed on motion by the New York County District Attorney's Office.

35. At no time did Ms. Baker commit the offense alleged by Defendants.

36. There was no basis for the arrest, detention, and prosecution of Ms. Baker.

37. As a result of her arrest and prosecution, Ms. Baker was required to appear in court, suffer the humiliation and loss of reputation from being arrested in front of her neighbors and being a criminal defendant, and the emotional and mental anguish of facing criminal charges and a possible jail sentence.

38. The false arrest, false imprisonment, assault and battery, and malicious prosecution of Ms. Baker caused her to sustain injuries including but not limited to physical and emotional pain and suffering that are ongoing, anxiety, humiliation, loss of liberty, loss of reputation, lost wages, medical expenses, and attorneys' fees.

39. Plaintiff timely filed a written notice of claim with the Comptroller's Office at 1 Centre Street, New York, New York.

40. At least thirty days have elapsed since the filing of such notice and adjustment and/or payment has been neglected and/or refused.

41. A 50h hearing was held on November 14, 2018.

42. This action has been commenced within one year and ninety days after the events upon which the claims are based.

## FIRST CAUSE OF ACTION
**42 U.S.C. §1983/Violation of Plaintiff's Fourth and Fourteenth Amendment Rights Against Defendants Joseph Licata and Shrpresa Tulovic**

43. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

44. Defendants, who were acting in concert and within the scope of their authority, arrested and caused plaintiff to be imprisoned without probable cause in violation of plaintiff's rights to be free of an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

45. Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.

46. Plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

## SECOND CLAIM FOR RELIEF
### 42 U.S.C. § 1983/Violation of Plaintiff's Fourth Amendment Rights
### Against All Individual Defendants

47. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

48. The use of excessive force by the Individual Defendants in grabbing, pinning, pulling, and handcuffing plaintiff was an objectively unreasonable physical seizure of plaintiff in violation of her rights under the Fourth Amendment to the United States Constitution.

49. The failure of the Individual Defendants who had a duty to intervene, prevent, and stop the other defendants from unjustifiably grabbing, pinning, pulling, and handcuffing plaintiff, was also objectively unreasonable in violation of her rights under the Fourth Amendment to the United States Constitution.

## THIRD CLAIM FOR RELIEF
### Assault
### Against City of New York, Joseph Licata, Shrpresa Tulovic, Brian Hinton

50. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

51. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully and maliciously assaulted plaintiff in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentionally did a violent and/or menacing act which threatened such

contact to the plaintiff, and that such act/s caused apprehension of such contact in the plaintiff.

52. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

53. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

### FOURTH CAUSE OF ACTION
**Battery**
**Against City of New York, Joseph Licata, Shrpresa Tulovic, Brian Hinton**

54. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

55. The defendants, their agents, servants and employees, acting within the scope of their employment, intentionally, willfully, and maliciously battered Plaintiff, when they, in a hostile and/or offensive manner forcibly touched plaintiff without plaintiff's consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff and caused such battery.

56. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

57. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## FIFTH CAUSE OF ACTION
### False Arrest
### Against City of New York, Joseph Licata, Shrpresa Tulovic

58.   Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

59.   The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

60.   Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

61.   Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

## SIXTH CAUSE OF ACTION
### Malicious Prosecution
### Against City of New York, Joseph Licata, Shrpresa Tulovic

62.   Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

63.   The acts and conduct of the defendants constitute malicious prosecution under the laws of the State of New York and under the Fourth and Fourteenth Amendment to the United States Constitution.  Defendants initiated and continued criminal proceedings against plaintiffs.

64. The proceedings terminated in plaintiff's favor.

65. There was no probable cause for the commencement or the continuation of the criminal proceedings.

66. The defendants acted with actual malice.

67. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

68. Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth and Fourteenth Amendment of the United States Constitution this Court has jurisdiction to hear this federally based claim.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that the Court grant the following relief jointly and severally against Defendants:

1. Compensatory damages in an amount to be determined at trial for the physical and psychological injuries sustained by plaintiffs as a result of the events alleged herein.

2. Punitive damages against the Individual Defendants in an amount to be determined at trial.

3. For pre-judgment interest as allowed by law.

4. An order awarding plaintiff reasonable attorneys' fees, pursuant to 42 U.S.C. §1988, together with the costs of this action.

5. Such other further relief as the Court may deem appropriate.

Dated: September 8, 2021
   New York, New York

>                    ROMANO & KUAN, PLLC
>
>                    _____
>                    Julia P. Kuan (JK 3822)
>                    600 Fifth Avenue, 10th Floor
>                    New York, New York 10020
>                    (212) 763-5075
>                    julia.kuan@romanoandkuan.com
>
>                    *Attorneys for Plaintiff*